1  O. Andrew Wheaton (# 151811)
     awheaton@afrct.com

2  ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL & TRYTTEN LLP

3  199 South Los Robles Avenue, Suite 600
  Pasadena, California 91101-2459

4  Telephone: (626) 535-1900
  Facsimile: (626) 577-7764

5

6  Attorneys for Defendant
  WELLS FARGO BANK, N.A., successor
  by merger with Wells Fargo Bank

7  Southwest, N.A., f/k/a Wachovia Mortgage,
  FSB, f/k/a World Savings Bank, FSB

8  ("Wells Fargo")

9             UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  ONKAR SINGH, an individual         CASE NO.: 3:14-CV-00260-EDL

13         Plaintiff,           DEFENDANT WELLS FARGO'S NOTICE
                              OF MOTION AND MOTION TO DISMISS

14      v.                    PLAINTIFF'S COMPLAINT;
                                MEMORANDUM OF POINTS AND

15  WELLS FARGO BANK, N.A., NDEX WEST,  AUTHORITIES
  LLC; and DOES 1 through 20, inclusive,

16                       Date:  March 11, 2014
         Defendants.         Time:  9:00 a.m.

17                       Ctrm.:  E

18                       [Assigned to the Honorable Elizabeth D.
                           Laporte]

19

20  TO PLAINTIFF ONKAR SINGH AND HIS ATTORNEYS OF RECORD:

21         PLEASE TAKE NOTICE that on March 11, 2014, at 9:00 a.m. in Courtroom E of the

22  above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102, the

23  Honorable Elizabeth D. Laporte presiding, defendant Wells Fargo Bank, N.A., successor by

24  merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB f/k/a World

25  Savings Bank, FSB ("Wells Fargo"), will and hereby does move the Court to dismiss plaintiff's

26  complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint

27  fails to state a claim upon which relief can be granted, specifically:

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1.     First Claim for Relief: Violation of California Civil Code §§ 2923.5 and 2924.17.

Plaintiff fails to state a claim for relief because: (i) California Civil Code § 2923.5 does not apply to Wells Fargo's actions/inactions, which took place or should have taken place on or after January 1, 2013; (ii) judicially noticeable documents establish that Wells Fargo complied with the California Civil Code § 2923.55; (iii) plaintiff's contradictory and generic allegations of a statutory violation associated with the Notice of Default are insufficient to state a viable claim; (iv) plaintiff's generic allegations of a statutory violation of California Civil Code § 2924.17 are insufficient to state a viable claim; and (v) the state law claim is preempted by the Home Owner's Loan Act ("HOLA").

2.     Second Claim for Relief: Violation of California Civil Code § 2923.55.

Plaintiff fails to state a claim for relief because: (i) plaintiff's generic allegations of a statutory violation of California Civil Code § 2923.55 are insufficient to state a viable claim; (ii) plaintiff failed to alleged facts demonstrating that he suffered any resulting harm; and (iii) plaintiff's state law claim is preempted by HOLA.

3.     Third Claim for Relief: Violation of California Civil Code §§ 2923.6 and 2923.7.

Plaintiff fails to state a claim for relief because: (i) plaintiff failed to allege that he submitted a completed loan modification application, as mandated by California Civil Code § 2923.6; (ii) plaintiff failed to allege that he requested a single point of contact, as mandated by California Civil Code § 2923.7; and (iii) the state law claim is preempted by HOLA.

4.     Fourth Claim for Relief: Violation of California Civil Code § 2924.12.

Plaintiff fails to state a claim for relief because: (i) injunctive relief is a remedy, not a distinct claim for relief; and (ii) plaintiff failed to allege an underlying violation of the California Homeowner Bill of Rights; and (iii) plaintiff's state law claim is preempted by HOLA.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    5.    Fifth Claim for Relief: Violation of California Civil Code §§ 2934a, 2924b and

2    2924a.

3        Plaintiff fails to state a claim for relief because: (i) judicially noticeable documents

4    establish that Wells Fargo complied with the California Civil Code; (ii) plaintiff failed to

5    sufficiently allege that he was prejudiced as a result of the alleged procedural irregularities; and

6    (iii) the state law claim is preempted by HOLA.

7        6.    Sixth Claim for Relief: Unfair Business Practices.

8        Plaintiff fails to state a claim for relief because: (i) plaintiff failed to plead particular facts

9    showing ongoing unlawful, unfair, and fraudulent business acts; (ii) plaintiff lacks standing

10   because he failed to plead injury in fact or that he lost money or property resulting from any

11   actions/inactions in violation of the California Unfair Competition Law; and (iii) plaintiff's state

12   law claim is preempted by HOLA.

13       In the alternative to its motion to dismiss, Wells Fargo hereby moves for an order

14   directing plaintiff to file a more definite statement of his claims pursuant to Federal Rule of Civil

15   Procedure 12(e), as the complaint is vague and ambiguous and fails to comply with Federal Rule

16   of Civil Procedure 8(a)(2).

17       This motion is based on this notice of motion, the Memorandum of Points and

18   Authorities, the Request for Judicial Notice, the Court's records in this matter, the arguments of

19   the parties and counsel, and other evidence and argument that may be presented prior to the

20   Court's decision on the motion.

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-3(a) and 7-3(c), the

2    opposition to this motion must be filed and served within 14 days after this motion is filed and

3    served.  The reply must be filed and served within 7 days after the opposition is filed and served.

4
                                                    Respectfully submitted,
5
Dated:  January 23, 2014                    ANGLIN, FLEWELLING, RASMUSSEN,
6                                                   CAMPBELL & TRYTTEN LLP

7
                                            By:   /s/ O. Andrew Wheaton
8                                                  O. Andrew Wheaton
                                                   awheaton@afrct.com
9                                           Attorneys for Defendant
                                            WELLS FARGO BANK, N.A., successor by
10                                          merger with Wells Fargo Bank Southwest, N.A.,
                                            f/k/a Wachovia Mortgage, FSB, f/k/a World
11                                          Savings Bank, FSB ("Wells Fargo")

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

2

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

3    MEMORANDUM OF POINTS AND AUTHORITIES ..................................................1

4    1.    INTRODUCTION ..................................................................................................1

     2.    SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE
5          DOCUMENTS....................................................................................................1

6          A.    The Loan. ...................................................................................................1

           B.    Default On The Loan. .................................................................................2
7
           C.    Plaintiff's Chapter 13 Bankruptcy Petition..............................................2
8
           D.    Plaintiff Contends That The California Homeowner Bill of Rights Was
9                Violated......................................................................................................2

     3.    LEGAL STANDARD ...........................................................................................3
10
     4.    PLAINTIFF'S STATE LAW CLAIMS FOR RELIEF ARE PREEMPTED BY
11         HOLA ................................................................................................................3

12         A.    At The Time of Loan Origination, World Savings Was A Federal Savings
                 Bank Operating Under HOLA. ..................................................................3
13
           B.    OTS's Regulations Promulgated Under HOLA Preempt Any State Laws
14               That Affect Lending. ..................................................................................4

           C.    State Laws Preempted by HOLA. ..............................................................4
15
           D.    The Preemption Analysis Under HOLA Provides That Plaintiff's State
16               Law Claims Are Preempted By Federal Law. ...........................................5

                 i.    Plaintiff's HBOR Claims Are Preempted. ......................................5
17
     5.    PLAINTIFF'S INAUGURAL CLAIM FOR VIOLATION OF CALIFORNIA
18         CIVIL CODE §§ 2923.5 AND 2924.17 FAILS .................................................7

19         A.    Civil Code § 2923.5 Is Inapplicable .........................................................8

           B.    Plaintiff Cannot State A Valid Claim For Violation Of California Civil
20               Code § 2923.55 ..........................................................................................8

21               i.    Plaintiff's Generic Allegations Are Insufficient ............................8

                 ii.   Plaintiff's Generic Allegations Are Belied By The Judicially
22                     Noticeable Documents ....................................................................9

           C.    Plaintiff's Contention That California Civil Code § 2924.17 Was Violated
23               Is Unsupported. .......................................................................................10

24   6.    PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF CALIFORNIA CIVIL
           CODE § 2923.55 FAILS...................................................................................11
25
           A.    Plaintiff's Generic Allegations Are Lacking ..........................................11
26
     7.    PLAINTIFF'S THIRD CLAIM FOR RELIEF FOR VIOLATION OF
27         CALIFORNIA CIVIL CODE §§ 2923.6 AND 2923.7 FAILS ........................12

           A.    Plaintiff Failed To Allege That He Applied For A Loan Modification....12
28
           B.    Plaintiff Failed To Allege That He Requested A Single Point Of Contact. ........12

     8.    PLAINTIFF'S FOURTH CLAIM FOR RELIEF FOR VIOLATION OF
           CALIFORNIA CIVIL CODE § 2924.12 FAILS..............................................13

9.     PLAINTIFF'S FIFTH CLAIM FALLS BECAUSE NDEX WAS PROPERLY
       SUBSTITUTED IN AS THE TRUSTEE .......................................................................13

10.    PLAINTIFF'S SIXTH CLAIM FOR RELIEF FOR UNFAIR BUSINESS
       PRACTICES IS NOT  LINKED TO ANY WRONGFUL CONDUCT ...........................15

       A.     Plaintiff Failed To Plead The Required Elements. ................................................15

       B.     Plaintiff Lacks Standing To Assert An Unfair Competition Claim.......................16

11.    PLAINTIFF'S COMPLAINT WAS NOT PLED WITH THE REQUISITE
       DEGREE OF PARTICULARITY .........................................................................16

12.    CONCLUSION.............................................................................................17

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3 CASES

4   *American Banker Ass'n. v. Lockyear*,
5       239 F. Supp. 2d 1000 (E.D. Cal. 2002)..................................................................4

6   *Ashcroft v. Iqbal*,
        556 U.S. 662 (2009)......................................................................................3
7
    *Bank of America v. The City & County of San Francisco*,
8       309 F.3d 551 (9th Cir. 2002) ..............................................................................3

9   *Bell Atlantic Corp. v. Twombly*,
        550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).........................................3
10
    *Cabanilla v. Wells Fargo*,
11      2012 U.S. Dist. LEXIS 39270 (C.D. Cal. March 20, 2012) .....................................11

12  *Camp v. Board of Supervisors*,
        123 Cal. App. 3d 334 (1981) ..............................................................................14
13
    *Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*,
14      20 Cal. 4th 163 (1999) ......................................................................................16

15  *Christiansen v. Wells Fargo Bank*,
        2012 U.S. Dist. LEXIS 142070 (N.D. Cal. Oct. 1, 2012).......................................15
16
    *Collier v. Aramark Food Servs.*,
17      2011 U.S. Dist. LEXIS 78121 (E.D. Cal. July 18, 2011) ........................................17
18
    *Conference of Fed. Savs. & Loan Ass'n. v. Stein*,
19      604 F.2d 1256 (9th Cir. 1979) ..............................................................................4

20  *Daro v. Superior Court*,
        151 Cal. App. 4th 1079 (2007) ............................................................................17
21
    *DeLeon v. Wells Fargo Bank, N.A.*,
22      729 F.Supp.2d 1119 (N.D. Cal. 2010) ...................................................................4
23
    *Gorton v. Wells Fargo Bank N.A*,
24      2013 U.S. Dist. LEXIS 86006 (Judge Selna, June 3, 2013, D. Cal. 2013).................5

25  *Hall v. Time, Inc.*,
        158 Cal. App. 4th 847 (2008) ..............................................................................17
26
    *Ingels v. Westwood One Broadcasting Servs., Inc.*,
27      129 Cal. App. 4th 1050 (2005)............................................................................16
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Jones v. Community Redev. Agency,*
733 F.2d 646 (9th Cir. 1984) ................................................................17

*Juarez v. Wells Fargo Bank, N.A.,*
2009 U.S. Dist. LEXIS 110892 (C.D. Cal. Nov. 11, 2009)....................11

*Kamp v. Aurora Loan Servs.,*
2009 U.S. Dist. LEXIS 95245 (C.D. Cal. Oct. 1, 2009)........................11

*Kearns v. Ford Motor Co.,*
567 F.3d 1120 (9th Cir. 2009) ..............................................................17

*Khoury v. Maly's of Cal., Inc.,*
14 Cal. App. 4th 612 (1993) .................................................................16

*Knapp v. Doherty,*
123 Cal. App. 4th 76 (2004) .................................................................15

*Korea Supply Co. v. Lockheed Martin Corp.,*
29 Cal. 4th 1134 (2003) ........................................................................16

*Lopez v. World Savs. & Loan Ass'n.,*
105 Cal. App. 4th 729 (2003) .................................................................4

*Lupertino v. Carbahal,*
35 Cal. App. 3d 742 (1973) ..................................................................15

*Mabry v. Superior Court,*
185 Cal. App. 4th 208 (2010) ...........................................................6, 11

*Martinez v. Welk Group, Inc.,*
2011 U.S. Dist. LEXIS 58718 (S.D. Cal. June 2, 2011)........................17

*McDowell v. Watson,*
59 Cal. App. 4th 1155 (1997) ...............................................................14

*Melegrito v. CitiMortgage Inc.,*
2011 U.S. Dist. LEXIS 60447 (N.D. Cal. June 6, 2011) .......................16

*Newman v. Bank of N.Y. Mellon,*
2013 U.S. Dist. LEXIS ......................................................................9, 13

*Newman v. Bank of N.Y. Mellon,*
2013 U.S. Dist. LEXIS 52487 (E.D. Cal. Apr. 10, 2013).......................9

*Pyle v. First Nat'l Collection Bureau,*
2012 U.S. Dist. LEXIS 56737 ...............................................................18

*Saunders v. Superior Court,*
27 Cal. App. 4th 832 (1994) .................................................................17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Shell Oil Co. v. Richter*,
  52 Cal. App. 2d 164 (1942) ...................................................................14

*Silvas v. E\*Trade Mortg. Corp.*,
  514 F.3d 1001 (9th Cir. 2008) ..............................................................4, 5

*Sirrium v. Bank of Am. NA*,
  2012 U.S. Dist. LEXIS 149727 (E.D. Cal. Oct. 16, 2012) .........................18

**STATUTES**

12 U.S.C. § 1461, et seq...............................................................passim

Cal. Bus. & Prof. Code § 17200 .........................................................16

Cal. Civ. Code § 2923.5 .............................................................passim

Cal. Civ. Code § 2923.5(g) ..................................................................8

Cal. Civ. Code § 2923.6 ..............................................................3, 7, 13

Cal. Civ. Code § 2923.6(g) ................................................................13

Cal. Civ. Code § 2923.7 ...............................................................7, 13

Cal. Civ. Code §§ 2924.9, 2924.10, 2924.11 .......................................7

Cal. Civ. Code § 2923.55 ......................................................7, 8, 9, 10, 12

Cal. Civ. Code §§ 2923.55(b)(1)(B) ....................................................12

Cal. Civ. Code § 2923.55(c) ................................................................9

Cal. Civ. Code § 2924 .......................................................................9

Cal. Civ. Code § 2924.12 ...............................................................6, 14

Cal. Civ. Code § 2924.12(i) ................................................................7

Cal. Civ. Code § 2924.12(a)(1) .........................................................11

Cal. Civ. Code § 2924.12(b) ...........................................................6, 7

Cal. Civ. Code § 2924.17 .........................................................6, 7, 11, 12

Cal. Civ. Code § 2924.17(a) .............................................................11

Cal. Civ. Code § 2924.17(c) ...............................................................7

Cal. Civ. Code § 2924.19 ..................................................................6

Cal. Civ. Code § 2924.19(b) ........................................................................................7

Cal. Civ. Code § 2924-2924 .......................................................................................15

Cal. Civ. Code § 2934a(b) ....................................................................................14, 15

Cal. Civ. Code § 3281 ................................................................................................7

**OTHER AUTHORITIES**

12 C.F.R. § 541.11 .....................................................................................................4

12 C.F.R. § 545.2 .......................................................................................................4

12 C.F.R. § 560.2 .......................................................................................................4

12 C.F.R. § 560.2(b) ...................................................................................................5

12 C.F.R. § 560.2(b)(4) ...........................................................................................5, 6

12 C.F.R. § 560.2(b)(5) ...........................................................................................4, 5

12 C.F.R. § 560.2(b)(9) ...........................................................................................4, 5

12 C.F.R. § 560.2(b)(10) .........................................................................................4, 5

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) .........................................................5

Fed. R. Civ. P. 8(a)(2) .............................................................................................17

Fed. R. Civ. P. 9(b) .................................................................................................17

Fed. R. Civ. P. 12(b)(6) .............................................................................................3

Fed. R. Civ. P. 12(e) ...............................................................................................18

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.   INTRODUCTION**

This action arises out of a secured loan made by World Savings Bank, FSB ("World Savings") to plaintiff to finance the purchase of a San Leandro home.  Plaintiff defaulted on the loan and as a result, in March 2013, Wells Fargo Bank, N.A. ("Wells Fargo"), as World Savings' successor, initiated foreclosure proceedings by recording a Notice of Default.

In his generic charging pleading, plaintiff's predominant grievances are that Wells Fargo violated the California Homeowner Bill of Rights ("HBOR") by: (a) recording a Notice of Default, which was supported by a declaration of compliance that allegedly was not based on competent and reliable evidence; (b) failing to provide plaintiff with copies of the underlying note, deed of trust, any assignment and/or payment history; (c) failing to assign plaintiff a single point of contact; and (d) improperly providing notice of the substitution of the trustee under the deed of trust.  Despite the length of plaintiff's charging pleading (*i.e.*, fourteen pages and six claims for relief), the complaint is nothing more than a generic yarn which summarizes the HBOR and, without any supporting factual allegations, concludes that Wells Fargo violated most of the provision of the HBOR.

As briefed below, the most benevolent reading of plaintiff's charging pleading will lead to the conclusion that he has not and cannot state a viable cause of action yoked to the HBOR. Plaintiff's state law claims are also preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461, et seq. ("HOLA").  Accordingly, Wells Fargo requests that the Court grant its motion to dismiss the complaint, in its entirety, with prejudice.

**2.   SUMMARY OF THE COMPLAINT AND**

**JUDICIALLY NOTICEABLE DOCUMENTS**

**A.   The Loan.**

On May 9, 2006, plaintiff borrowed $388,000 from World Savings secured by a deed of trust recorded against the real property and improvements commonly known as 1034 Trojan Avenue, San Leandro, California 94579 (the "Property"). (Request for Judicial Notice ("RJN"), as Ex. A.)

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

In January 2008, World Savings changed its name to Wachovia Mortgage, FSB.  It subsequently changed its name to Wells Fargo Bank Southwest, N.A., and, in November 2009, merged into Wells Fargo Bank, N.A. (RJN, Exs. B, C, D and E are true and correct copies of (i) a Certificate of Corporate Existence issued by the Office of Thrift Supervision ("OTS"), (ii) a letter dated November 19, 2007, on the letterhead of the OTS authorizing a name change, (iii) the Charter of Wachovia Mortgage, FSB, and (iv) an Official Certification of the Comptroller of the Currency stating that, effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.).

**B.    Default On The Loan.**

In early 2013, plaintiff defaulted on the loan.  On March 27, 2013, defendant NDeX West, L.L.C. ("NDeX") was substituted as the trustee under the deed of trust. (RJN, Ex. F.)  On March 29, 2013, a Notice of Default was recorded. (RJN, Ex. G.)  That notice advised plaintiff that as of March 27, 2013, the sum of $6,294.01 was past due.

On July 22, 2013, a Notice of Trustee's Sale was recorded, which advised plaintiff that unless he undertook efforts to protect the Property, it could be sold at public auction on July 22, 2013. (RJN, Ex. H.)  The sale date was subsequently rescheduled.

**C.    Plaintiff's Chapter 13 Bankruptcy Petition.**

On August 21, 2013, in an apparent effort to block the looming trustee's sale, plaintiff filed a petition pursuant to Chapter 13 of the United States Bankruptcy Code. (RJN, Ex. I.)  On September 7, 2013, as a result of his failure to file his bankruptcy schedules, including the Schedules of Assets and Liabilities, plaintiff's bankruptcy case was closed. (RJN, Ex. J.)

**D.    Plaintiff Contends That The California Homeowner Bill of Rights Was Violated.**

Following the delay associated with plaintiff's terminated bankruptcy case, the foreclosure process was restarted.  On December 20, 2013, plaintiff commenced this vapid action.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  In his charging pleading, plaintiff generically alleged that Wells Fargo violated the

2  HBOR.  For purposes of example and not limitation, despite the fact that the complaint is silent

3  regarding any efforts plaintiff under took to modify the loan (*i.e.,* plaintiff did not allege that he

4  applied for a loan modification), he surmised that Wells Fargo violated California Civil Code §

5  2923.6, which prohibits so-called dual tracking (*i.e.,* the concurrent evaluation of a person for a

6  loan modification and the prosecution of a non-judicial foreclosure process.). (Complaint

7  ("Compl.), ¶ 36.)

8  As briefed below, even the most optimistic and benevolent analysis of plaintiff's

9  complaint will lead to the conclusion that none of his claims for relief has merit.

### 3.   LEGAL STANDARD

11  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be brought

12  when a plaintiff fails to state a claim upon which relief can be granted.  While a complaint

13  attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's

14  obligation to provide the grounds of his entitlement to relief requires more than labels and

15  conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell*

16  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).

17  "Factual allegations must be enough to raise a right to relief above the speculative level on the

18  assumption that all of the complaint's allegations are true." *Id.*; *see also, Ashcroft v. Iqbal*, 556

19  U.S. 662, 663 (2009) (a claim has "facial plausibility" if the plaintiff pleads facts that "allow []

20  the court to draw the reasonable inference that the defendant is liable for the misconduct

21  alleged.")

### 4.   PLAINTIFF'S STATE LAW CLAIMS FOR RELIEF
### ARE PREEMPTED BY HOLA

24  **A.**   **At The Time of Loan Origination, World Savings Was A Federal Savings Bank**

25  **Operating Under HOLA.**

26  During the Great Depression, Congress enacted HOLA to "restore the public's

27  confidence in savings and loan associations at a time when 40% of home loans were in default."

28  *Bank of America v. The City & County of San Francisco*, 309 F.3d 551, 559 (9th Cir. 2002).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  HOLA was enacted in part due to Congressional dissatisfaction with the regulation of home

2  financing by the states. *American Banker Ass'n. v. Lockyear*, 239 F.Supp.2d 1000, 1010 (E.D.

3  Cal. 2002).

4  When plaintiff's loan funded, World Savings was a federal savings bank regulated by the

5  OTS. (RJN, Exs. D and E.)  On December 31, 2007, World Savings changed its name to

6  Wachovia Mortgage, FSB, but remained chartered under HOLA and overseen by the OTS. *Id.*

7  Effective November 1, 2009, Wachovia Mortgage, FSB, became a division of Wells Fargo Bank,

8  N.A. *Id.*[1]

9  **B.  OTS's Regulations Promulgated Under HOLA Preempt Any State Laws That**

10  **Affect Lending.**

11  Through its regulatory authority, the OTS "occupies the entire field of lending regulation

12  for federal savings associations." 12 C.F.R. § 560.2.  OTS's regulations issued pursuant to

13  HOLA are "intended to preempt all state laws purporting to regulate any aspect of the lending

14  operations of a federally chartered savings association, whether or not OTS adopted a regulation

15  governing the precise subject of the state provision." *Lopez v. World Savs. & Loan Ass'n.*, 105

16  Cal. App. 4th 729, 738 (2003); *see* 12 C.F.R. § 545.2.

17  **C.  State Laws Preempted by HOLA.**

18  In *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008) (quoting

19  *Conference of Fed. Savs. & Loan Ass'n. v. Stein*, 604 F.2d 1256, 1257 (9th Cir. 1979)), the Ninth

20  Circuit described the HOLA regulations as "so pervasive as to leave no room for state regulatory

21  control."  Among those regulations are OTS's regulations 560.2(b)(4), (5), (9) and (10), which

22  

23  [1]  HOLA applies even though World Savings is no longer chartered as a federal savings
bank. *See DeLeon v. Wells Fargo Bank, N.A.*, 729 F.Supp.2d 1119, 1126 (N.D. Cal. 2010)
24  ("Wells Fargo notes that at the time the loan was made to the DeLeons [plaintiff], 'World
Savings Bank, FSB was a federally chartered savings bank organized and operating under
25  HOLA' and observes correctly that the same preemption analysis would apply to any alleged
misconduct after November 1, 2009, when the lender merged into a national savings banking
26  association.)  HOLA, 12 U.S.C. § 1461, *et seq.*, governs the operations of a "federal savings
association," which by definition include federally chartered savings banks. 12 C.F.R. § 541.11.
27  World Savings' lending operations were therefore governed by HOLA when it made the loan to
plaintiff.
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  preempt state laws that would impose requirements on federal savings banks regarding:

2  **The terms of credit, including amortization of loans and the**

3  **deferral and capitalization of interest and adjustments to the interest**

4  **rate, balance, payments due**, or term to maturity of the loan, including the

5  circumstances under which a loan may be called due and payable upon the

6  passage of time or a specified event external to the loan; 12 C.F.R.

7  § 560.2(b)(4).

8  **Loan-related fees, including without limitations, initial charges,**

9  **late charges, prepayment penalties, servicing fees**, and overlimit fees; 12

10  C.F.R. § 560.2(b)(5) . . .

11  **Disclosure and advertising, including laws requiring specific**

12  **statements**, information, or other content to be included in credit

13  application forms, credit solicitations, billing statements, credit contracts, or

14  other credit-related documents and laws requiring creditors to supply copies

15  of credit reports to borrowers or applicants; 12 C.F.R. § 560.2(b)(9).

16  **Processing, origination, servicing, sale or purchase of, or**

17  **investment or participation in, mortgages**; . . . 12 C.F.R. § 560.2(b)(10)

18  (emphasis added).

19  **D.**   **The Preemption Analysis Under HOLA Provides That Plaintiff's State Law Claims**

20  **Are Preempted By Federal Law.**

21  As OTS's Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) instructs,

22  preemption analysis under HOLA is simple.  Step one determines whether the type of state law

23  at issue appears on the list set forth in 12 C.F.R. § 560.2(b), which lists the types of state laws

24  HOLA preempts.  If the type of state law in question appears on the list, the analysis ends there

25  and the law is preempted; there is no step two.  The OTS's construction of its own regulation

26  560.2 "must be given controlling weight." *Silvas*, 514 F.3d at 1004-05.

27  **i.**   **Plaintiff's HBOR Claims Are Preempted.**

28  In addressing HOLA preemption of HBOR claims, the district court in *Gorton v. Wells*

1   *Fargo Bank  N.A*, 2013 U.S. Dist. LEXIS 86006, *11 (Judge Selna, June 3, 2013, D. Cal. 2013)

2   ruled that "Plaintiff's HBOR claim is based solely on communications regarding and actions or

3   omissions related to either Plaintiff's application for loan modification, Wells Fargo's denial of

4   that application, or Plaintiff's appeal of the denial. (¶¶ 41-48.)  Thus, the Court concludes that it

5   falls within the preemptive scope of § 560.2(b)(4), which applies to "state laws purporting to

6   impose requirements regarding . . . (4) the terms of credit, . . . including the circumstances under

7   which a loan may be called due and payable upon the passage of time or a specified event

8   external to the loan."

9        Given the additional remedies now available to borrowers for alleged violations of the

10  HBOR, a finding of preemption by HOLA is warranted not only by the many previous decisions

11  by the district courts with respect to § 2923.5, but also by the very holding in *Mabry v. Superior*

12  *Court*, 185 Cal. App. 4th 208 (2010).  Prior to January 1, 2013, the only remedy available for a

13  violation of the non-judicial foreclosure laws codified under Civil Code § 2923.5 was equitable

14  relief (*i.e.*, an order enjoining the foreclosure sale).  There was no right to, for example, a loan

15  modification or monetary damages. *Mabry*, 185 Cal. App. 4th at 232.  As a result, the *Mabry*

16  court held that § 2923.5 was not preempted by HOLA because it was limited to affording

17  borrowers only more time when lenders do not comply with the statute. *Id*. at 226 ("A

18  remarkable aspect of section 2923.5 is that it appears to have been carefully drafted to avoid

19  bumping into federal law, precisely because it is limited to affording borrowers only more time

20  when lenders do not comply with the statute.").  More specifically, the *Mabry* court stated "[w]e

21  emphasize that we are able to come to our conclusion that section 2923.5 is not preempted by

22  federal banking regulations because it is, or can be construed to be, very narrow." *Id*. at 231

23  (emphasis in original).

24       Considering the substantial additional remedies now available for violation of the HBOR,

25  a narrow interpretation cannot possibly save the statute from preemption. *See,* Cal. Civil Code

26  §§ 2924.12, 2924.17 and 2924.19.  These new remedies are quite unlike the limited relief

27  available under the previous § 2923.5.  For example, Civil Code § 2924.12(b) provides as

28  follows:

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  After a trustee's deed upon sale has been recorded, a mortgage servicer,

2  mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower

3  for actual economic damages pursuant to Section 3281, resulting from a material

4  violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or

5  2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized

6  agent where the violation was not corrected and remedied prior to the recordation

7  of the trustee's deed upon sale.  If the court finds that the material violation was

8  intentional or reckless, or resulted from willful misconduct by a mortgage

9  servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award

10  the borrower the greater of treble actual damages or statutory damages of fifty

11  thousand dollars ($50,000). Cal. Civ. Code § 2924.12(b); *see also*, Cal. Civ. Code

12  § 2924.19(b) (a violation of 2924.17, if not "corrected and remedied prior to the

13  recordation of the trustee's deed upon sale" may result in an "award [to] the

14  borrower the greater of treble actual damages or statutory damages of fifty

15  thousand dollars ($50,000).").

16  Even the government may now seek to impose civil penalties, up to $7,500 per mortgage,

17  against a lender for "multiple and repeated uncorrected violations."  Cal. Civ. Code § 2924.17(c).

18  Additionally, a lender may now be required to pay attorney's fees to a borrower who merely

19  obtained injunctive relief in an action brought to enforce § 2923.6. Cal. Civ. Code § 2924.12(i).

20  Since the remedies that can be imposed for violation of the HBOR exceed a "simple

21  postponement," it cannot escape preemption under HOLA.  Thus, HBOR is preempted under

22  federal law and cannot impose any affirmative obligations on Wells Fargo.  Since plaintiff's

23  claims are premised on HBOR, the entire complaint should be dismissed with prejudice.

24  **5.    PLAINTIFF'S INAUGURAL CLAIM FOR VIOLATION OF CALIFORNIA CIVIL**

25  **CODE §§ 2923.5 AND 2924.17 FAILS**

26  In his charging pleading, plaintiff alleged that "in violation of California *Civil Code*

27  section 2923.5 Defendants caused to be executed and recorded the [Notice of Default] even

28  though the required contacts with Plaintiff had not been made." (Compl. ¶ 26.)  Plaintiff further

1   alleged that Wells Fargo violated California Civil Code § 2924.17 by failing to ensure "that they

2   have reviewed competent and reliable evidence to substantiate the borrower's default and right to

3   foreclose after January 1, 2013." (Compl., ¶ 27.)

4       As demonstrated below, plaintiff generic allegations are insufficient.

5   **A.    <u>Civil Code § 2923.5 Is Inapplicable</u>**

6       With the enactment of HBOR, the former Civil Code § 2923.5 was altered dramatically.

7   For example, California Civil Code §§ 2923.5 and 2923.55 were added, which distinguish

8   between lenders with less than 175 foreclosures within a reporting period (*i.e.*, Civil Code §

9   2923.5) and lenders with 175 foreclosures or more within a reporting period (*i.e.*, Civil Code §

10  2923.55). For actions/inactions which occurred or should have occurred on or *after* January 1,

11  2013, Wells Fargo is governed by Civil Code § 2923.55.

12      By way of this charging pleading, plaintiff challenges a Notice of Default which

13  admittedly was recorded in March 2013, thus implicating Section 2923.55, not 2923.5. (Compl.,

14  ¶ 18.)[2] Accordingly, as a matter of law, plaintiff's cannot state a claim against Wells Fargo

15  premised on Civil Code § 2923.5.

16  **B.    <u>Plaintiff Cannot State A Valid Claim For Violation Of California Civil Code §</u>**

17  **<u>2923.55</u>**

18      Assuming *arguendo* that plaintiff initial claim is yoked to California Civil Code §

19  2923.55, his generic allegations are insufficient and he misinterprets the statutory requirements.

20      **i.    <u>Plaintiff's Generic Allegations Are Insufficient</u>**

21      For apparent convenience, plaintiff attached a copy of the challenged Notice of Default to

22  his complaint as Exhibit C. The declaration of compliance attached thereto provides "[t]he

23  mortgage servicer servicer has contacted the borrower . . ." *Id*. at p. 4. Despite his submission

24  and reliance on that document, plaintiff alleged "the [Notice of Default] contains a boilerplate

25  declaration, which stated, 'Wells Fargo has tried with due diligence as prescribed by California

26  Civil Code section 2923.5(g) to contact the borrower.'" (Compl., p. 4:20-22.)

27

28  [2]    The Notice of Default, which is attached to plaintiff's complaint as Exhibit C, addresses
Wells Fargo's compliance with California Civil Code § 2923.55.

1    Given the total disconnect between plaintiff's allegations and his supporting evidence, it

2   is clear that plaintiff claims are unfounded.  In *Newman v. Bank of N.Y. Mellon*, 2013 U.S. Dist.

3   LEXIS 52487 (E.D. Cal. Apr. 10, 2013), the district court sustained a lender's challenge to a

4   generic allegation of a violation of the erstwhile California Civil Code § 2923.5.

5    Here, the § 2923.5 allegation is a mere legal conclusion that amounts to no

6    more than "Defendants violated the statute."  Additional facts are needed.  In

7    order to plead a violation of § 2923.5, a plaintiff should include allegations that:

8    (1) he did not receive mail or telephone calls from the mortgage servicer/lender

9    regarding assessing his financial situation and exploring alternatives to

10    foreclosure; (2) he was not purposefully avoiding corresponding with the

11    mortgage servicer/lender, and; (3) he could have been contacted if due diligence

12    had been exercised.

13   *Newman v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS at ** 31-32.

14    Consistent with the holding in *Newman*, plaintiff should be required to specifically allege

15   why he believes Wells Fargo violated Section 2923.55, as opposed to simply conducting that a

16   violation occurred.

17   **ii.     Plaintiff's Generic Allegations Are Belied By The Judicially Noticeable**

18    **Documents**

19    Contrary to plaintiff's apparent belief, California Civil Code § 2923.55 does not mandate

20   *contact*: lenders must contact or try to contact a borrower to assess the borrower's financial

21   condition and explore ways to avoid foreclosure.  Contrary to plaintiff's unsupported allegation,

22   the Notice of Default includes a declaration, in compliance with California Civil Code §

23   2923.55, which provides that Wells Fargo tried to contact the borrower. (RJN, Ex. G.)  Plaintiff's

24   narrow view of the statute fails to recognize that a lender complies if it tries to contact the

25   borrower and follows the due diligence requirements.  The Notice of Default reveals that Wells

26   Fargo did so. *Id*.

27

28

California Civil Code § 2923.55(c) requires that a notice of default recorded pursuant to Section 2924 "shall include a declaration that the mortgage servicer has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required…"  There is no dispute that a declaration certifying Wells Fargo's due diligence in attempting to comply with the statue was recorded with the Notice of Default. (RJN Ex. G.)  In fact, Wells Fargo's declaration goes beyond the requirements of Civil Code § 2923.55.

In *Mabry*, the California Court of Appeal held that the declaration does not need to be signed under penalty of perjury. "The idea that this 'declaration' must be made under oath must be rejected." *Id.* at 233.  The *Mabry* court went on to state "if the Legislature wanted to say that the statement required in *section* 2923.5 must be under penalty of perjury, it knew how to do so. The words 'penalty of perjury' are used in other laws governing mortgages."  *Id.* at 233.  Wells Fargo's declaration, however, is signed under the penalty of perjury and was attached to plaintiff's complaint. (RJN Ex. G.)  Thus, without going beyond the recorded documents, there is evidence that the statute was respected.

When Wells Fargo's declaration, signed under penalty of perjury, is compared to the complaint's conclusory and contradictory allegations, the declaration reveals that Wells Fargo complied with the statute. *See*, *Cabanilla v. Wells Fargo*, 2012 U.S. Dist. LEXIS 39270, at *4 (C.D. Cal. March 20, 2012) ("This declaration is sufficient to establish that Wachovia has met its obligations under § 2923.5."); *Kamp v. Aurora Loan Servs.,* 2009 U.S. Dist. LEXIS 95245, at *6 (C.D. Cal. Oct. 1, 2009) ("Plaintiffs' conclusory assertions are contradicted by the notice of default attached as Exhibit A, which includes the declaration required by section 2923.5"); *Juarez v. Wells Fargo Bank, N.A.,* 2009 U.S. Dist. LEXIS 110892,  at *2 (C.D. Cal. Nov. 11, 2009) (holding that the declaration attached to the notice of default shows that Wells Fargo did comply with Civil Code section 2923.5).

**C.**   **Plaintiff's Contention That California Civil Code § 2924.17 Was Violated Is Unsupported.**

California Civil Code § 2924.17(a) requires that, before recording a notice of sale, a "mortgage servicer shall ensure that it has reviewed competent and reliable evidence to

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  substantiate the borrower's default and the right to foreclose." Civil Code § 2924.12(a)(1)

2  authorizes a borrower to seek an injunction only "to enjoin a *material* violation of [Civil Code]

3  Section . . . 2924.17" (emphasis added).

4       Here, by direct and negative implication, plaintiff appears to concede that he defaulted on

5  the loan and that Wells Fargo has standing to foreclose.  The Notice of Default confirms that

6  plaintiff defaulted on the loan. (RJN Ex. G.)  That being the case, the trustee's alleged failure to

7  ascertain these undisputed facts was not a material violation of Section 2924.17.  Simply put,

8  plaintiff was not harmed.

9       **6.    PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF CALIFORNIA CIVIL**

10           **CODE § 2923.55 FAILS**

11       Pursuant to California Civil Code § 2923.55(b)(1)(B), borrowers must be advised in

12  writing that they can request copies of their promissory note, deed of trust and any assignment, if

13  applicable, and a payment history.  In his complaint, plaintiff alleged that Wells Fargo failed to

14  provide him with any of the delineated documents. (Compl., ¶ 33.)

15       Plaintiff does not allege facts supporting his conclusion that he suffered any harm due to

16  Wells Fargo's alleged (but not actual) failure to forward the requested documents.  He

17  acknowledged that he took out the loan and even attached a copy of the deed of trust, substitution

18  of trustee, notice of default and notice of trustee's sale to his charging pleading. (Compl., Exs. A

19  - D.)  Since plaintiff does not dispute Wells Fargo's ownership of the loan, he has not been

20  damaged by Wells Fargo's failure to provide him with additional copies of documents he

21  admitted has in his possession.  Moreover, since plaintiff did not alleged that any of his loan

22  payments were not properly credited to his account, he was not harmed by Wells Fargo's alleged

23  failure to provide him with copies of "payment history since the borrower was last less than 60

24  days past due."

25  **A.    Plaintiff's Generic Allegations Are Lacking**

26       On January 1, 2013, California Civil Code § 2923.55, along with the rest of the HBOR,

27  sprang into existence.  Section 2923.55 does not establish a deadline by which the requested

28  documents must be produced.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Consistent with his boilerplate drafting style, plaintiff loosely alleged that he requested

2  "the aforementioned documents after January 1, 2013" and that he "has not received any of the

3  documents . . ." (Compl., ¶ 33.)  Plaintiff's conclusions are insufficient.

4  If a valid request was made, Wells Fargo would be required to provide plaintiff with the

5  requested documents in a reasonable amount of time (*i.e.,* 7, 10, 30, 60 days, etc.).  Since

6  plaintiff intentionally failed to state when his request was made, his statutory claim is baseless

7  because there is no way to test Wells Fargo's timeliness. *See*, *Newman v. Bank of N.Y. Mellon*,

8  2013 U.S. Dist. LEXIS at ** 31-32 (plaintiff's statutory claims "is a mere legal conclusion that

9  amounts to no more than 'Defendants violated the statute.'")

10  **7.   PLAINTIFF'S THIRD CLAIM FOR RELIEF FOR VIOLATION OF CALIFORNIA**

11  **CIVIL CODE §§ 2923.6 AND 2923.7 FAILS**

12  **A.   Plaintiff Failed To Allege That He Applied For A Loan Modification.**

13  California Civil Code § 2923.6 generally prohibits the commencement of foreclosure

14  proceedings while a borrower's completed loan modification application is being considered.

15  The law is clear that the statute is only triggered if a borrower submits a complete application for

16  a first lien loan modification.

17  Without addressing the foundational prerequisites, plaintiff surmised that "Defendants

18  have not made a written determination that the Plaintiff is not eligible for a first lien loan

19  modification, and are in violation of California Civil Code sections [sic] 2923.6 . . ."  Plaintiff's

20  charging pleading is silent as to whether or not he even submitted an application for a loan

21  modification, let alone a completed application.  Furthermore, plaintiff does not allege whether

22  he was afforded a fair opportunity to be evaluated for a loan modification prior to 2013 or that

23  there was a material change in his financial circumstances entitling him to another opportunity as

24  required under Civil Code § 2923.6(g).

25  **B.   Plaintiff Failed To Allege That He Requested A Single Point Of Contact.**

26  Pursuant to California Civil Code § 2923.7, as of January 1, 2013, "[u]pon request from a

27  borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly

28  establish a single point of contact and provide to the borrower one or more direct means of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    communication with the single point of contact." The stated purpose of the statute is to allow the

2    borrower to have a point of contact so the borrower can, *inter alia*, "apply for an available

3    foreclosure prevention alternative . . ." and "[c]oordinating receipt of all documents associated

4    with available foreclosure prevention alternatives . . ."

5         The triggering mechanism for the appointment of a single point of contact (colloquially

6    referred to as a "SPOC") is a request from the borrower. Here, the complaint is devoid of any

7    allegation plaintiff requested a foreclosure prevention alternative and/or a SPOC. Once again,

8    plaintiff simply and improperly conducted that Wells Fargo's actions/inaction violated the

9    HBOR.

10        **8.    PLAINTIFF'S FOURTH CLAIM FOR RELIEF FOR VIOLATION OF**

11               **CALIFORNIA CIVIL CODE § 2924.12 FAILS**

12        Plaintiff alleges that Wells Fargo is in material violation of the HBOR and therefore he is

13   entitled to bring an action for injunctive relief to enjoin the alleged violations. (Compl., ¶ 42.)

14   As demonstrated above, plaintiff's complaint is based on conclusory statements -- not facts.

15   Plaintiff failed to plead a valid cause of action for violation of the HBOR. Furthermore,

16   plaintiff's fourth claim for relief is simply a cause of action for injunctive relief, which fails

17   because injunctive relief is a remedy, not a cause of action. *Camp v. Board of Supervisors*, 123

18   Cal. App. 3d 334, 356 (1981); *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942). Simply

19   put, injunctive relief is never the gravamen of a cause of action. *McDowell v. Watson*, 59 Cal.

20   App. 4th 1155, 1160 (1997).

21        Nothing in plaintiff's charging pleading justifies injunctive relief as a remedy since

22   plaintiff's claims for violation of the HBOR are legally deficient.

23        **9.    PLAINTIFF'S FIFTH CLAIM FALLS BECAUSE NDEX WAS PROPERLY**

24               **SUBSTITUTED IN AS THE TRUSTEE**

25        Plaintiff's fifth claim for relief is premised on the accusation that that NDeX was not

26   properly substituted in as the trustee. (Compl., ¶ 48.) Under the Deed of Trust, Golden West

27   Savings Association Service Co. was appointed as the Trustee. (RJN, Ex. A, p. ¶ 1(H).)

28   Pursuant to the Deed of Trust, plaintiff acknowledged "I agree that Lender may at any time

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   appoint a successor trustee and that person shall become the Trustee under this Security

2   Instrument as if originally named as Trustee." (*Id.* at ¶ 27).

3          On March 27, 2013, a Substitution of Trustee was recorded that confirmed NDeX's

4   appointment as the Trustee. (RJN, Ex. F.)  That substitution complied with the statutory

5   requirements.  Civil Code § 2934a(b) provides that "if the substitution is effected after a notice

6   of default has been recorded but prior to the recording of the notice of sale, the beneficiary, . . .

7   shall cause a copy of the substitution to be mailed, prior to the recording thereof . . . "  Civ.

8   Code § 2934a(b).  Accordingly, contrary to plaintiff's current protestations, pursuant to

9   paragraph 27 of the Deed of Trust, NDeX became the Trustee, "as if originally named as

10  Trustee." (RJN, Ex. A.)

11         Despite attaching a copy of the Substitution of Trustee to his complaint (Compl., Ex. B),

12  plaintiff argued that notice of the substitution was not properly given. (Compl., ¶ 49.)

13  Notwithstanding plaintiff's protestations, California courts have recognized that "actual notice"

14  is not required to comply with the non-judicial foreclosure process set forth in the Civil Code.

15  "We pointedly emphasize, however, that Civil Code sections 2924-2924h, inclusive, do not

16  require actual receipt by a trustor of a notice of default or notice of sale.  They simply mandate

17  certain procedural requirements reasonably calculated to inform those who may be affected by a

18  foreclosure sale and who have requested notice in the statutory manner that a default has

19  occurred and a foreclosure sale is imminent." *Lupertino v. Carbahal*, 35 Cal. App. 3d 742, 746-

20  47 (1973); *see also Knapp v. Doherty*, 123 Cal. App. 4th 76, 88 (2004) ("the trustor need not

21  receive actual notice of the trustee's sale so long as notice is provided to the trustor that is in

22  compliance with the statute.").

23         Plaintiff's complaint is devoid of an argument that he was prejudiced as a result of the

24  perceived procedural irregularities.  The law is clear that in a wrongful foreclosure case,

25  "prejudice or harm is not established unless Plaintiffs demonstrate that the foreclosure would

26  have been averted but for the alleged deficiencies." *Christiansen v. Wells Fargo Bank*, 2012 U.S.

27  Dist. LEXIS 142070, at *22 (N.D. Cal. Oct. 1, 2012).  Plaintiff has not and cannot allege that the

28  trustee's sale has taken place, so any perceived deficiencies are of no moment.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

10.   **PLAINTIFF'S SIXTH CLAIM FOR RELIEF FOR**

**UNFAIR BUSINESS PRACTICES IS NOT**

**LINKED TO ANY WRONGFUL CONDUCT**

A.   **Plaintiff Failed To Plead The Required Elements.**

An Unfair Competition Law ("UCL") claim requires the pleading of some business practice that is forbidden by law, with particular facts showing ongoing unlawful, unfair, and fraudulent business acts. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003); *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

The "unlawful" prong borrows statutory or constitutional claims from elsewhere. *Melegrito v. CitiMortgage Inc.*, 2011 U.S. Dist. LEXIS 60447 at * 24 (N.D. Cal. June 6, 2011). "A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law." *Ingels v. Westwood One Broadcasting Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (citations omitted).

Plaintiff's concluding claim for relief is devoid of a recognizable allegation that Wells Fargo's actions were unlawful.  Instead, plaintiff argued that Wells Fargo failed to comply with the former California Civil Code § 2923.5.  In particular, plaintiff alleges that Wells Fargo engaged in unfair, unlawful and/or fraudulent business acts by "failing to contact the borrower, Plaintiffs [sic], to discuss their [sic] financial situation or options for avoiding foreclosure as required under California *Civil Code* section 2923.5 . . ." (Compl., p. 12:21-23.)  However, as conclusively established above, the claim plaintiff attempts to borrow is preempted and otherwise not actionable.

The "unfair" prong applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).  As explained in *Cel-Tech,* the "unfair" prong applies to business practices that offend an established "public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* at 184 (citations omitted).  Furthermore, the "unfair" business practice must be "tethered" to a

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    constitutional provision, statute or regulation. *Id.* at 185.

2         Once again, other than general allegations, plaintiff appears to link the "unfair" prong to

3    declaration of compliance supporting the Notice of Default.  However, as conclusively

4    established above, plaintiff's claims are preempted and not actionable, and therefore they cannot

5    support the "unfair" prong of Section 17200.

6         The "fraudulent" prong, post-enactment of Proposition 64, applies where a business act

7    or practice actually misleads a plaintiff. *See Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849

8    (2008).  It must be shown that members of the public "are likely to be deceived." *Saunders v.*

9    *Superior Court,* 27 Cal. App. 4th 832, 839 (1994).  Further, a plaintiff "must plead a claim for

10   fraudulent behavior under the UCL with particularity as required by Rule 9(b)." *Martinez v. Welk*

11   *Group, Inc.*, 2011 U.S. Dist. LEXIS 58718, at *22 (S.D. Cal. June 2, 2011) (Citing *Kearns v.*

12   *Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).  Plaintiff has not advanced a fraud claim.

13   **B.    Plaintiff Lacks Standing To Assert An Unfair Competition Claim.**

14        Notably, a "[P]rivate person has no standing under the UCL unless that person can

15   establish that the injury suffered and the loss of property or money resulted from conduct that fits

16   within one of the categories of 'unfair competition'. . ." *Daro v. Superior Court*, 151 Cal. App.

17   4th 1079, 1098 (2007).  Plaintiff has not alleged, nor has he suffered, an injury in fact or lost

18   money or property as a result of Wells Fargo's alleged unfair competition or unfair business

19   practices.  There is an absence of any causation of actual loss. *See Hall v. Time, Inc.*, 158 Cal.

20   App. 4th 847, 856 (2008).  If plaintiff suffered any loss it was *not* caused by Wells Fargo's

21   alleged conduct.

22   **11.   PLAINTIFF'S COMPLAINT WAS NOT PLED WITH THE REQUISITE DEGREE**

23                           **OF PARTICULARITY**

24        Federal Rule of Civil Procedure 8(a)(2) mandates that a pleading must contain "a short

25   and plain statement of the claim showing that the pleader is entitled to relief . . ."  "Although the

26   Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the

27   defendants and must allege facts that support the elements of the claim plainly and succinctly.

28   *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   with at least some degree of particularity overt acts which defendants engaged in that support his

2   claims." *Collier v. Aramark Food Servs.*, 2011 U.S. Dist. LEXIS 78121, at * 6 (E.D. Cal.

3   July 18, 2011).

4       Plaintiff's complaint is lacking of specifics.  Should any of plaintiff's claims survive the

5   12(b)(6) challenge, Wells Fargo requests, in the alternative, that the Court require a more definite

6   statement from plaintiff pursuant to Federal Rule of Civil Procedure 12(e).

7   **12.   CONCLUSION**

8       Instead of detailing the circumstances surrounding his default on his loan, his efforts to

9   save the Property from foreclosure and specific facts supporting his belief that Wells Fargo

10  violated the HBOR, plaintiff's charging pleading is nothing more than a formulaic yarn of the

11  general prohibitions contained in the HBOR, without reference to any facts specific to plaintiff's

12  case.  Plaintiff's generic allegations cannot stand. *See, Sirrium v. Bank of Am. NA*, 2012 U.S.

13  Dist. LEXIS 149727, at * 5 (E.D. Cal. Oct. 16, 2012)("This statement is nothing more than a

14  formulaic recitation of the general prohibitions contained in the Truth in Lending Act without

15  reference to any facts specific to plaintiff's case."); *Pyle v. First Nat'l Collection Bureau*, 2012

16  U.S. Dist. LEXIS 56737, at ** 11-12 (E.D. Cal. Apr. 20, 2012)(conclusory allegations of

17  defendant's violation of the Fair Credit Reporting Act were insufficient.)

18      For each of the foregoing reasons, Wells Fargo respectfully requests that the Court grant

19  its motion and dismiss plaintiff's complaint in its entirety, with prejudice.  In the alternative,

20  Wells Fargo respectfully requests that plaintiff be required to submit a more definite statement of

21  his case.

22                            Respectfully submitted,

23  Dated:  January 23, 2014           ANGLIN, FLEWELLING, RASMUSSEN,
                            CAMPBELL & TRYTTEN LLP

24

25                           By:   /s/ O. Andrew Wheaton
                               O. Andrew Wheaton

26                              awheaton@afrct.com
                           Attorneys for Defendant

27                          WELLS FARGO BANK, N.A., successor by
                           merger with Wells Fargo Bank Southwest, N.A.,

28                          f/k/a Wachovia Mortgage, FSB, f/k/a World
                           Savings Bank, FSB ("Wells Fargo")

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

| Served By Means Other than Electronically Via the Court's CM/ECF System | Served Electronically Via the Court's CM/ECF System |
|---|---|
| Dianna Ter-Vardanyan, Esq. Prime Law Group, APC 101 N. Brand Blvd., PH1920 Glendale, CA 91203 Telephone (818) 276-2464 E-Fax: (818) 446-2162 | *Attorneys for Plaintiff* Armine Singh, Esq. Prime Law Group, APC 101 N. Brand Blvd., PH1920 Glendale, CA 91203 armine@lawofficesofalg.com Telephone (818) 276-2464 E-Fax: (818) 446-2162 |

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on January 23, 2014.

| Kimberly Wooten | /s/ Kimberly Wooten |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

CASE NO.: 3:14-CV-00260-EDL
CERTIFICATE OF SERVICE